**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-310C
Filed: August 03, 2017

FILED
AUG - 3 2017
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
\*
\*
MICHAEL C. CHRISTEN, \*
\*
\*
Plaintiff, *pro se*, \*
\*
\*
v. \*
\*
\*
THE UNITED STATES, \*
\*
\*
Defendant. \*
\*
\*
*******************************************

Rules of the United States Court of Federal Claims ("RCFC")
12(b)(1) (Jurisdiction),
12(b)(6) (Failure to State a Claim).

**Michael C. Christen**, Los Angeles, California, Plaintiff, *pro se*.

**Christopher Keith Wimbush**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

**BRADEN**, *Chief Judge*.

I.    **RELEVANT FACTUAL BACKGROUND.**[1]

On March 6, 2017, Michael Christen filed a Complaint in the United States Court of Federal Claims, alleging that Mr. Christen and his company provided speech writing services to President George H.W. Bush and received assurances from contacts at ABC Television that the Government would pay for his consulting work. Compl. ¶ 4. The March 6, 2017 Complaint also alleges that Mr. Christen invented the "heat shield external tiles," a key component of the Space Shuttle Program. Compl. ¶ 4.

---

[1] The relevant facts discussed herein were derived from the March 6, 2017 Complaint ("Compl. ¶¶ 1–5") and the attached exhibits ("Pl. Exs. A–C").

(#12)

7017 1450 0000 1346 3882

On, or about, March 18, 1993, Mr. Christen sent an invoice of $640,000 to the United States General Accounting Office for his consulting services and the inventions he provided to the National Aeronautics and Space Administration ("NASA"). Compl. ¶ 4. This invoice was never paid, but Mr. Christen claims that he negotiated with the Internal Revenue Services ("IRS") and reached a settlement agreement with the IRS to offset the invoice against his federal income taxes. Compl. ¶ 4. As a result, the IRS reduced Mr. Christen's federal tax obligation to zero for the tax years 1999–2004. Compl. ¶ 4., Exhibit B. "This settlement held up the entire time the Republicans were in the White House and in charge of the Administration." Compl. ¶ 4.

But, when the "Democrats took over" "a decade later," the IRS sent Mr. Christen notices of federal taxes due, in addition to penalties and interest. Compl. ¶ 4. Subsequently, Mr. Christen filed a petition in the United States Tax Court, but that court "ruled against" Mr. Christen in 2016. Compl. ¶ 4.

## II. PROCEDURAL HISTORY.

On March 6, 2017, Mr. Christen ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging that the Government breached a contract and was unjustly enriched by Plaintiff's consulting work and use of his inventions without payment. Compl. ¶¶ 1–5.

On May 1, 2017, the Government filed a Motion To Dismiss ("Gov't Mot.") the March 6, 2017 Complaint, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). Therein, the Government argues that the court does not have jurisdiction to adjudicate the claims alleged in the March 6, 2017 Complaint, because: (1) Plaintiff has failed to make a "non-frivolous allegation" that the claims alleged are based on a money-mandating source of law, *i.e.*, a contract with the Government; (2) the claims alleged are otherwise barred by the statute of limitations; and (3) the United States Court of Federal Claims does not have jurisdiction to adjudicate unjust enrichment claims against the Government. Gov't Mot. at 6–9. The Government adds that the March 6, 2017 Complaint should be dismissed for failure to state a claim upon which relief can be granted, because Plaintiff fails to plausibly allege any element of an implied-in-fact contract. Gov't Mot. at 10–11.

On June 2, 2017, Plaintiff filed a Response ("Pl. Resp."). ECF No. 9. On June 13, 2017, the Government filed a Reply ("Gov't Reply"). ECF No. 10.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

2

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). Plaintiff must also make "a non-frivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

**B.   Relevant Legal Standards.**

**1.   Under RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

**2.   Under RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

**3.   Standard Of Review For *Pro Se* Litigants.**

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). *Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se*

3

complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers").

### C. The Government's May 1, 2017 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that, in order for the United States Court of Federal Claims to have jurisdiction, the March 6, 2017 Complaint must make a "*non-frivolous* allegation" that the claims are "based on a money-mandating source." Gov't Mot. at 6 (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)) (emphasis added). The general rule is that a complaint that fails to allege facts sufficient to show a contract with the Government should be dismissed for failure to state a claim. Gov't Mot. at 7. There is an exception, however, "that permits dismissals on jurisdictional grounds if the claim is wholly insubstantial and frivolous." Gov't Mot. at 7 (quoting *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995)) (internal quotation marks omitted). In this case, the March 6, 2017 Complaint fails to plausibly allege that Plaintiff performed any work as part of the alleged contract with the Government, nor does it allege any "direct interactions" between Plaintiff and any individuals with the authority to bind the Government in contract. Gov't Mot. at 8. Therefore, the court does not have jurisdiction to adjudicate Plaintiff's frivolous claims. Gov't Mot. at 8.

In addition, the claims alleged by the March 6, 2017 Complaint are timed barred, because the alleged breach of contract occurred more than six years ago. Gov't Mot. at 9. Moreover, the March 6, 2017 Complaint alleges an unjust enrichment claim based on an equitable implied-in-law contract. Gov't Mot. at 9. Since the Tucker Act does not waive sovereign immunity for implied-in-law claims, that claim should be dismissed. Gov't Mot. at 9.

In the alternative, the Government moves to dismiss for failure to state a claim, because Plaintiff fails to plausibly allege any element of an implied-in-fact contract. Gov't Mot. at 10–11.

#### 2. Plaintiff's Response.

Plaintiff responds that the claims alleged by the March 6, 2017 Complaint are timely, because the "clock starts for the statute of limitations when a plaintiff becomes aware his contract has been breached." Pl. Resp. at 2. Plaintiff did not know that the Government breached the settlement agreement until June 2, 2016, when the United States Tax Court entered a decision denying his July 8, 2014 petition. Pl. Resp. at 2.[2] Therefore, the statute of limitations should run from that date. Pl. Resp. at 5.

With respect to the Government's arguments regarding a failure to allege the elements of a contract, Plaintiff responds that "the American Broadcasting Company ["ABC"] had assured him there was a contract with the federal government" and that Plaintiff "would be paid for the consulting work provided." Pl. Resp. at 2–3. Plaintiff adds that he negotiated the settlement agreement with an IRS employee, and this person "confer[ed] with her superiors at the IRS" and

---

[2] In the June 2, 2017 Response, Plaintiff states that he filed a petition in the United States Tax Court on July 8, 2014. Pl. Resp. at 7.

4

"confirmed that she was entering notes . . . directly on the IRS computer system." Pl. Resp. at 12. But, the IRS has deleted all evidence related to that negotiation. Pl. Resp. at 12–13.

### 3. The Government's Reply.

The Government replies that Plaintiff's claims should be dismissed for lack of jurisdiction and are frivolous. Gov't Reply at 1.

### 4. The Court's Resolution.

Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The United States Court of Appeals for the Federal Circuit has held that "[c]laims accrue when the events giving rise to the Government's alleged liability have occurred and the claimant is or should be aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988); *see also Weddel v. Sec'y of Health & Human Servs.*, 100 F.3d 929, 931 (Fed. Cir. 1996) (defining the starting date of statute of limitations as "the date on which the wrong that injures the plaintiff occurs.").

The March 6, 2017 Complaint alleges that Plaintiff entered into a settlement agreement with the Government, pursuant to which the Government reduced Plaintiff's federal tax to zero in exchange for his past services for the Government. Compl. ¶ 4. The March 6, 2017 Complaint further alleges that the Government breached this agreement by assessing tax in 2009.[3] Compl. ¶ 4. As such, Plaintiff either knew or should have known about the alleged breach in 2009. Compl. ¶ 4; *see also Hopland Band*, 855 F.2d 1577. But, Plaintiff did not file his complaint until March 6, 2017, *i.e.*, more than six years after 2009. Therefore, the claims alleged in the March 6, 2017 Complaint are time barred.

In the June 2, 2017 Response, Plaintiff argues that the statute of limitations should instead run from June 2, 2016, *i.e.*, the date when the United States Tax Court "entered the decision against" him. Pl. Resp. at 2. Plaintiff's petition with the United States Tax Court, however, is irrelevant, because it has no bearing on the date of the alleged breach.

Therefore, the court has determined that the breach of contract claims alleged by the March 6, 2017 Complaint are untimely under 28 U.S.C. § 2501. As such, the court has determined that it does not have jurisdiction to adjudicate the March 6, 2017 Complaint. *See Mildenberger v. United States*, 643 F.3d 938, 949 (Fed. Cir. 2011) (affirming the lack of jurisdiction over the Plaintiff's claims "because they were filed outside the six-year limitations period pursuant to 28 U.S.C. § 2501.").

---

[3] The March 6, 2017 Complaint alleges that the Government first assessed federal tax against Plaintiff when "the Democrats took over" a "decade" after 1999, *i.e.*, in 2009. Compl. ¶ 4.

## IV. CONCLUSION.

For these reasons, the court grants the Government's May 1, 2017 Motion To Dismiss. *See* RCFC 12(b)(1). Accordingly, the Clerk of the United States Court of Federal Claims is directed to enter judgment on behalf of the Government.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　**SUSAN G. BRADEN**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**